People v Quinones (2018 NY Slip Op 02985)





People v Quinones


2018 NY Slip Op 02985


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


463 KA 16-00638

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAY A. QUINONES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 18, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree and kidnapping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his request for youthful offender status. "The decision whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (People v Williams, 204 AD2d 1002, 1002 [4th Dept 1994], lv denied 83 NY2d 973 [1994]). In light of, among other things, the serious and premeditated nature of the crimes, as well as the preplea investigation report recommending that defendant not be adjudicated a youthful offender, we conclude that the court did not abuse its discretion in denying defendant's request. We decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see People v Miller, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court